## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN M. RUFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-336-SMY |
| | ) | |
| WEXFORD HEALTH SOURCES INC., | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS (IDOC), | ) | |
| LATOYA HUGHES, | ) | |
| CHRISTEL CROW, | ) | |
| DANIEL JAMERSON, | ) | |
| KIMBERLY HVARRE, | ) | |
| JOHN HALL, | ) | |
| AUSTIN KERLEY, and | ) | |
| DR. DENNIS LARSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This matter is before the Court on Plaintiff John M. Ruffin's Motion to Appoint Counsel (Doc. 64). A federal civil litigant has no constitutional or statutory right to court-recruited counsel. *Riley v. Waterman*, 126 F.4th 1287, 1297 (7th Cir. 2025); *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Id.* In evaluating whether counsel should be appointed, the district court must ask:"(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654–55.

"In determining whether a plaintiff appears competent to litigate the case without the assistance of counsel, the court must consider 'both the factual and legal complexity of the

plaintiff's claims and the competence of the plaintiff to litigate those claims himself,' which are "necessarily intertwined." *Riley*, 126 F.4th at 1298 (quoting *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). There are no "fixed criteria" for assessing whether a plaintiff is sufficiently competent to litigate his case, but "a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id.* A court should also consider "the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Id.* (quoting *Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020)).

Here, Ruffin states that he has contacted multiple attorneys in an effort to obtain counsel. The Court further finds that he does not appear competent to independently litigate this case given the factual and legal complexity of Ruffin's claims. Further, Ruffin is no longer housed at Big Muddy Correctional Center where the events at issue occurred. For these reasons, the Court **FINDS** that appointment of counsel is appropriate and **GRANTS** Ruffin's motion.

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), Attorney Kyle H. Fleck of Nielsen, Zehe & Antas, P.C is **ASSIGNED** to represent Plaintiff in this civil rights case. Assigned counsel shall enter his appearance in this case by July 23, 2026. Attorney Fleck is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and a copy of the docket to attorney Fleck. The electronic case file is available through the CM/ECF system.

Now that counsel has been assigned, Plaintiff **shall not** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff. Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Plaintiff is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If Plaintiff should recover damages in this action (either by verdict or settlement), Plaintiff and his counsel are **ADVISED** that Plaintiff will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case by filing a motion in this case seeking an exemption from these fees.

The district court has entered into an agreement with the Uptown People's Law Center to consult with attorney Alan Mills and other lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be

reached by email at alan@kaplangrady.com.  His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

> **John M. Ruffin**
> **K80541**
> **Dixon Correctional Center**
> **2600 North Brinton Avenue**
> **Dixon, IL 61021**

**IT IS SO ORDERED.**

**DATED:  July 9, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**